ADOLPH LEBRUN *vs.* UNITED ELECTRIC RAILWAYS CO.

CORINNE LEBRUN *vs.* SAME.

DECEMBER 20, 1933.

PRESENT:   Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. These are actions of trespass on the case for negligence brought by a husband and wife to recover damages for injuries and loss caused by the negligent operation of defendant's trolley car. At the close of the testimony the trial justice granted defendant's motion for a directed verdict in each case. The cases are before us on plaintiffs' exceptions to this ruling and to rulings admitting or excluding evidence. The latter exceptions were not argued and need not be considered.

At about 7 p. m. after dark on March 7, 1930, a misty night, Mr. Lebrun was sitting in his wife's automobile, which he had parked facing southerly on the west side of Elmwood avenue in Providence, about twenty feet south of a driveway leading across the car track to the premises of the Swiss Cleansing Company, in which his wife was employed. Mrs. Lebrun testified that upon leaving the building she crossed the sidewalk to the curbstone, looked northerly along the car track, which runs between the sidewalk and highway at this place, and saw no trolley car approaching; that she crossed the track and entered the automobile, and that she had no recollection of what happened thereafter.

Mr. Lebrun testified that after his wife entered the automobile he looked back and saw no trolley car approaching; that as he intended to drive northerly he backed slowly across the track and into said driveway; that while the automobile was upon the track he paused for about four seconds to await the passing of a line of traffic, and that suddenly the trolley car appeared only two or three feet away and struck the automobile.

The motorman testified that when the trolley car was about fifteen feet from said driveway, proceeding at approximately twelve miles an hour, plaintiff's automobile suddenly backed from the highway directly upon the track; that

immediately he applied his emergency brake, and that while the automobile was still in motion the trolley car struck it. His testimony was corroborated by three passengers, one a police officer, riding in the front vestibule of the trolley car, and supporting testimony was offered by other passengers on the car. Defendant's witnesses testified without contradiction that the trolley car, which was fully lighted, was proceeding at a moderate and reasonable speed and that the motorman was keeping a proper lookout.

The facts clearly indicate contributory negligence on the part of the plaintiffs. It was the duty of the operator of the automobile to look before driving from a place of safety to a place of danger upon the car track. It is an uncontroverted fact that the track is straight and a lighted trolley car visible from the place of the collision for a distance of over 1,700 feet north to Columbus Square. In view of this physical fact the conclusion is inevitable that, regardless of their testimony to the contrary, if plaintiffs had looked they must have seen the lighted trolley car approaching. Failing to look, they were guilty of contributory negligence and, except under the doctrine of the last clear chance hereinafter to be considered, they cannot recover. *Levein* v. *R. I. Co.*, 43 R. I. 167; *Beerman* v. *Union R. R. Co.*, 24 R. I. 275; *Frey* v. *R. I. Co.*, 37 R. I. 96; *Gettler* v. *R. I. Co.*, 31 R. I. 534; *Brien* v. *R. I. Co.*, 99 Atl. 761; *Hambly* v. *Bay St. Ry. Co.*, 100 Atl. 497.

Plaintiffs further contend that even though they were negligent in driving upon the track without looking, the motorman had ample time, during the four seconds which Mr. Lebrun estimates the automobile was on the track, to stop his car and avoid the collision, and that under the doctrine of the last clear chance defendant was negligent by reason of its failure to avoid the collision.

These estimates by the operator of the automobile—as to how long the automobile was on the track and within what distance the trolley car, travelling at a reasonable speed, could be stopped—constitute the only testimony by plain-

tiffs in support of the claim of negligence on the part of defendant. Opposed thereto is the positive testimony of the motorman and many witnesses to the effect that the automobile suddenly appeared on the track about fifteen feet ahead of the trolley car; that everything possible was done by the motorman to avoid the collision, and that he was not negligent. *Halliday* v. *R. I. Co.*, 42 R. I. 350; *Levein* v. *R. I. Co.*, *supra.* This positive evidence cannot be impeached by the indefinite and speculative testimony of Mr. Lebrun. In *Johnson* v. *Aetna Life Ins. Co.*, 158 Wis. 56, 147 N. W. 32, the court said: "Where unimpeached witnesses testify from accurate and positive knowledge of the facts concerning which they speak, their evidence is not controverted by indefinite statements, by mere negative testimony or by doubtful inferences."

As plaintiffs have shown no negligence on the part of the defendant, the ruling of the trial justice granting defendant's motion for directed verdicts was correct.

The plaintiffs' exceptions are overruled and each case is remitted to the Superior Court for the entry of judgment on the verdict.

*Quinn, Kernan & Quinn, Michael De Ciantis*, for plaintiffs.
*Clifford Whipple, Earl A. Sweeney*, for defendant.